J. W. RHODES & SONS, Appellant, v. M. J. WHITFIELD, Appellee. (No. 3520.) Court of Civil Appeals of Texas. Texarkana. Feb. 16, 1928. Appeal from Panola County Court; J. G. Strong, Judge. H. N. Nelson and J. R. Duran, both of Carthage, for appellant. P. P. Long and Woolworth & Baker, all of Carthage, for appellee.

HODGES, J. The appellee sued the appellants for a balance of $225.79, due upon an open account. Appellants pleaded payment. There was a conflict in the testimony upon that issue. The jury found in favor of the appellee. There being no error apparent in the record, the judgment is affirmed.

---

**2**

NORWICH UNION INDEMNITY COMPANY v. Lola LEDBETTER. (No. 1661.) Court of Civil Appeals of Texas. Beaumont. Feb. 24, 1928. Rehearing Denied March 21, 1928. Appeal from District Court, Harris County; W. E. Monteith, Judge. Hunt, Teagle & Moseley, of Houston, for appellant. Geo. G. Clough, of Houston, for appellee.

O'QUINN, J. Mrs. Lola Ledbetter was an employee of the Seaport Bag Company. The Seaport Bag Company carried indemnity insurance, covering its employees, with the Norwich Union Indemnity Company. On January 30, 1925, she sustained an injury—a fracture of the right leg a few inches above the ankle—while in the course of her employment. Liability was admitted by the insurance company, and it paid Mrs. Ledbetter weekly compensation of $8.78 per week from February 11, 1925, until December 11, 1925, totaling $386.32. On December 18, 1925, Mrs. Ledbetter filed her petition with the Industrial Accident Board, claiming that her injury had resulted in total disability, and praying for a lump sum settlement. The board, on January 8, 1926, made its award finding that Mrs. Ledbetter had sustained total disability for an indefinite period, not to exceed 401 weeks, and denied a lump sum settlement. She gave due notice of appeal, and filed this suit within proper time to set aside said award, and prays that she have judgment as for total disability and for lump sum settlement in the sum of $3,213.48. Appellee, defendant, answered by general demurrer, general denial, and specially that it had paid to appellant compensation from February 11, 1925, to December 10, 1925, when appellant refused to accept further weekly compensation, and filed her claim for lump sum settlement. Appellee further answered specially that it was and at all times had been ready, willing, and able to carry out the award of the board, and tendered to appellee the sum of $228.30 in payment of the amount of accrued weekly payments up to June 11, 1926, the date of filing said plea. The case was tried to a jury upon special issues, in answer to which they found that appellee was totally and permanently disabled, and that she was entitled to a lump sum settlement. Judgment was accordingly entered, from which this appeal is taken. After careful and repeated consideration of all the evidence in the record, we have concluded that the finding of the jury that appellee is totally and permanently incapacitated is so against the overwhelming weight of the evidence as to be wrong, and should not be permitted to stand. As the case will be reversed and remanded for another trial, it is not proper for us to discuss the evidence, other than to say that same is insufficient to support the verdict of the jury. Reversed and remanded.